## MATTER OF McGOWAN

### In Visa Petition Proceedings

### A-10809118

*Decided by District Director September 13, 1966*

Petitioner, who has received the degree of Doctor of Chiropractic and meets the high level of educational requirements for licensure to practice in the State of California, is a member of the professions within the meaning of section 101(a)(32), Immigration and Nationality Act, as amended by P.L. 89-236, and is eligible for preference classification under section 203(a)(3) of the Act, as amended, as a practitioner of chiropractic.

The petition was filed by the beneficiary, seeking classification as a preference immigrant under section 203(a)(3) of the Immigration and Nationality Act, as amended, based upon his training as a Doctor of Chiropractic.

Section 203(a)(3), Immigration and Nationality Act, as amended, provides for the issuance of visas to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences, or the arts, will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States.

Section 101(a)(32), Immigration and Nationality Act, as amended, defines the term "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries.

Although the above definition is intended to serve only as a guide, examination of the occupations listed, indicates that recognition of professional status in those fields is normally obtained through attainment of at least a baccalaureate degree.[1] As is the case with the professions enumerated in the definition, high education, or the equivalent in specialized experience, is a realistic prerequisite for recognition of professional status in this field.

The beneficiary was awarded the degree of Doctor of Chiropractic by the Los Angeles College of Chiropractic on January 8, 1960, and

[1] *Matter of Shin,* Interim Decision No. 1606.

has been licensed as a practitioner of chiropractic in the State of California.

The beneficiary intends to practice in the State of California, where there exists legislation regulating practitioners of chiropractic. This legislation provides as follows: "The basic principle of Chiropractic is the maintenance of structural and functional integrity of the nervous system. A duly licensed Chiropractor may only practice or attempt to practice or hold himself out as practicing a system of treatment by manipulation of the joints of the human body, by manipulation of anatomical displacements, articulation of the spinal column, including its vertebrae and cord, and he may use all necessary mechanical, hygienic and sanitary measures incident to the care of the body in connection with said system of treatments, but not for the purpose of treatment, and not including measures as would constitute the practice of medicine, surgery, osteopathics, dentistry, or optometry, and without the use of any drug or medicine included in materia medica."

"A duly licensed Chiropractor may make use of light, air, water, rest, heat, diet, exercise, massage and physical culture, but only in connection with, and incident to, the practice of Chiropractic as herein above set forth."

Each applicant for licensure in the State of California must be a graduate of an approved college of chiropractic, and must pass a written examination.

In the State of California a licensed Doctor of Chiropractic is authorized to sign death certificates and make reports pertaining to such deaths as required by law. He may also order venipuncture or skin puncture for test purposes. if the procedures are done by a licensed clinical laboratory technologist or clinical laboratory bioanalysist.

Four thousand academic hours extended over a period of four school terms of not less than 9 months each are required for graduation from any college of chiropractic in the state, and the law requires that the following be included in those 4000 hours:

| | |
|---|---|
| Anatomy, including embryology and histology, dissection | 800 hours |
| Physiology | 320 hours |
| Biochemistry, inorganic and organic chemistry | 320 hours |
| Pathology, bacteriology and toxicology | 480 hours |
| Public health, hygiene, sanitation and first aid | 120 hours |
| Diagnosis, pediatrics, dermatology, syphilology, serology, X-ray and psychiatry | 720 hours |
| Obstetrics and gynecology | 120 hours |
| Principles and practice of chiropractic, physiotherapy, dietetics and office procedure | 1.120 hours |

In order to be licensed in California an applicant must be graduated from a college which presents its curriculum in accordance with the foregoing. To be recognized as "approved" by the state of California, each teacher must either hold a Doctor's degree from a recognized professional school of chiropractic, osteopathy, or medicine, or must hold a degree from an accredited college of arts and sciences. Teachers of chemistry, bacteriology and physiology must hold a baccalaureate degree in arts or sciences from an accredited institution. No college of chiropractic in the State of California may be approved unless it is organized as a nonprofit corporation.

The laws of the State of California quite clearly regulate the practice of Chiropractic on a professional level and a person meeting the educational requirements for licensure clearly possess the equivalent of at least a baccalaureate degree. Examination of the required courses reveals that they consist largely of advanced courses in the fields of biology and chemistry, both of which are recognized as professional fields, as well as courses which are commonly taken in post-graduate study. Accordingly, it is held that a person who has successfully completed such a course in Chiropractic is qualified as a member of the professions within the meaning of section 203(a)(3).

Under Part 204.2(f), Title 8, Code of Federal Regulations, a certification by the Department of Labor pursuant to section 212(a)(14) of the Immigration and Nationality Act, as amended, is required before the visa petition may be approved. That section provides for the exclusion of certain aliens from the United States, including aliens seeking classification under section 203(a)(3), unless the Secretary of Labor has determined and certified to the Secretary of State, and to the Attorney General that (A) there are not sufficient workers in the United States, who are able, willing, qualified and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. In connection with the instant petition such a certification was made on May 18, 1966.

ORDER: It is ordered that the petition to classify the status of Michael Murdoch McGowan, as a preference quota immigrant under section 203(a)(3) of the Immigration and Nationality Act, as amended, be granted.